MARY GRADY V. JOHN SULLIVAN ET AL.

WRIT OF ERROR—EXTENSION OF TIME FOR RETURN OF.

The appellee moved to dismiss the writ of error, issued in this case, the time for the return of which had been extended by one of the circuit judges of the county of Kent, but not the one before whom the case was tried, after the refusal of the trial judge to hear an *exparte* application for such extension of time. The motion was denied.

*E. J. Doyle*, for motion.

*McBride & McBride* contra, contended:

1. That no notice of said application was required.

2. That had it been the intention of the Court framing Supreme Court Rule No. 15, which provides that the time for returning a writ of error may, before the same has expired, be extended for a period not exceeding forty days by a Circuit Judge upon an affidavit showing the occasion for such extention, to confine the power therein granted to one of the Justices of the Supreme Court, or to the Circuit Judge before whom the case was tried, such intention would have been expressed in the rule; that in this case the trial was had in the Kent circuit where two judges of equal concurrent power sit and try cases alternately; that each is a judge of that circuit; that the writ is addressed to that circuit, and even if it be held that the order for extension should have been made by a judge of that circuit, the appellants complied with that construction of the rule; that the facts that the life of the writ had nearly expired; that the clerk's office closed at 5 o'clock p. m.; that the order should be entered before the writ expired; that the office of the judge who tried the case was closed when the final application for an extension was made, and that appellants might, if they had not applied to the other judge, have lost their rights, bring them within the spirit, if not the letter, of the rule; that the fact that the judge first applied to might have returned to his office after the order was made, and was there seen by the judge who made the order as he certifies, in no way answers the proof that the office of said first named judge was closed when the attorney for the appellants went to apply for said order.

The facts as shown by the papers in the case were as follows:

*a*—That judgment was rendered October 9, 1895, in favor of the plaintiff; that on the application of the defendants the time for settling a bill of exceptions was extended until December 31, 1895; that four days before the return day, the Circuit Judge before whom the case was tried made an *ex parte* order extending the time for returning the writ of error for forty days; that after the expiration of that time said writ was on motion of the appellants dismissed.

*b*—That on April 7, 1896, a second writ of error was issued returnable May 16, 1896.

*c*—That on May 14, 1896, the junior attorney for the appellants applied to the trial judge for an order extending the time for returning said writ of error; that said judge refused to entertain said application, *ex parte*; that on the return day of said writ the senior attorney for the appellants made a like *ex parte* application to the other Circuit Judge who, in reliance upon the statement of said attorney that the trial judge could not be found in his office, and upon the strength of the affidavit of said attorney excusing the delay in settling a bill of exceptions on the ground of sickness, and averring his expectation of being able to settle the bill during the forty days extension asked for, granted said extension.

*d*—It further appeared from the affidavit of said senior attorney read in opposition to said motion, that on learning of the refusal of said trial judge to hear the application *ex parte* he went to the office of the opposing attorney, and found it locked; that he then went to the office of said judge, and could not gain admittance; that it was late in the afternoon of the return day; that he therefore presented the matter to the other circuit judge, and read to him the rule hereinbefore cited.